IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
Eastern Division

IN RE:

Toni Hardy,

Debtor.

In Proceedings Under Chapter 7

Case No.: 10-22287

JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

The matter before this Court is the Trustee's Motion for Reconsideration ("Motion"). Although the Trustee failed to cite to any legal authority to support this Motion, motions for reconsideration are generally brought pursuant to Bankruptcy Rule 9023 Fed.R.BankrP. The Trustee seeks reconsideration of the Court's prior order granting the Debtor, Toni Hardy's, motion to dismiss her Chapter 7 case. The Debtor filed an objection to the Trustee's Motion. Core jurisdiction of this matter is acquired under provisions of 28 U.S.C. § 157(b)(2), 28 U.S.C. § 1334, and General Order No. 84 of this district. Upon a duly noticed hearing and an examination of the pleadings, generally, the following factual findings and conclusions of law are herein rendered:

\*

The Debtor, Toni Hardy, filed for relief under Chapter 7 of the Bankruptcy Code on December 21, 2010. In her petition, the Debtor listed one secured creditor, American Honda, with debt in the amount of $12,560 and twenty-one unsecured creditors with debt in the amount of $21,337. During the §341 meeting, the Trustee discovered two pre-petition real estate transfers between the Debtor and several family members (the Hobbses) who later sold those

1

properties to third parties. The Debtor later filed a motion to dismiss her Chapter 7 case.

The Trustee opposed said motion in the belief that the Debtor's creditors would be prejudiced if the case was dismissed. Although the Trustee did not present any supporting evidence at the hearing, she argued that the subsequent transfers between Debtor's family members and the third parties were fraudulent in nature. The Trustee planned to avoid said transfer, sell the properties and recover the funds for distribution to the Debtor's unsecured creditors. The Trustee further argued that, if the case was dismissed, the unsecured creditors would not receive a distribution. Notedly, however, she did not support any untoward conduct committed by the Debtor.

After notice and a hearing, the Court granted the Debtor's motion over the Trustee's opposition. In an attempt to have the Debtor's case reopened, the Trustee filed a motion for reconsideration raising the same arguments from her prior motion. In an addendum to the Motion for Reconsideration, she cites to another bankruptcy case in which the Hobbses were implicated in fraudulent actions regarding other real estate transfers. In that case, Judge Arthur Harris granted partial summary judgment in favor of the trustee who sought to recover funds from the Hobbses in relation to a separate fraudulent conveyance action. Therein, it is noted that the Hobbs' liability was imputed after they failed to file a response to the initial summary judgment motion; an evidentiary hearing was not conducted.

The Debtor opposes the Trustee's Motion, asserting that the consequences of bankruptcy outweigh the benefits of continuing her case. She states that she would rather work with her creditors outside of the bankruptcy process.

\*\*

The dispositive issue for this Court's consideration is whether the Trustee has presented sufficient evidence to support reconsideration of this Court's prior order, pursuant to Rule 59, Fed.R.Bankr.P., to warrant a reopening the Debtor's bankruptcy case.

***

Motions for reconsideration are brought under Bankruptcy Rule 9023. Bankruptcy Rule 9023 provides for the application of Rule 59 of the Federal Rules of Civil Procedure to bankruptcy proceedings. Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). McDowell v. Dynamics Corp. of America, 931 F.2d 380 (6th Cir. 1991). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." Generally, "[m]otions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in the controlling law, or to prevent manifest injustice." GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). A motion for reconsideration is not designed to give a dissatisfied litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)(explaining that "[a] motion under Rule 59(e) is not an opportunity to re-argue a case").

The Trustee, herein, seeks reconsideration of the Court's prior order dismissing the Debtor's Chapter 7 bankruptcy case. Although a debtor does not have the absolute right to dismiss his or her or her Chapter 7 bankruptcy case, (*In re Sheets*, B.R. 254, 255 (Bankr.N.D.Ohio 1994)) motions for dismissal are generally granted unless there is a plain legal

3

prejudice to a debtor's bankruptcy estate. *See e.g., In re Komyathy*, 142 B.R. 755, 757 (Bankr.E. D.Va. 1992); *In re Higbee*, 58 B.R. 71, 72 (Bankr C.D. Ill. 1986). An application of the "plain legal prejudice" standard requires a balancing of harm between the debtor and the debtor's estate. It is usually found to exist where assets that would otherwise be available to creditors are lost upon dismissal. *Id.*

Herein, the Trustee asserts that her main goal in reopening Debtor's case would be to pursue a fraudulent conveyance action against third parties, the Hobbses, and recover funds for distribution to Debtor's unsecured creditors; a matter in which the Debtor was not implicated by the Trustee. No new evidence has been presented to support Trustee's contentions that continued dismissal of the Debtor's case would prejudice her creditors. Nor is this a case of clear error or a change in controlling law. Furthermore, the Trustee has not presented any persuasive evidence to show that manifest injustice resulted from this Court's prior order. Moreover, motions for reconsideration are not the appropriate medium by which to obtain review of matters of final determination. *Supra.*

****

Accordingly, the Trustee's Motion for Reconsideration is denied. The Debtor's Opposition is hereby sustained. This Court's ruling, issued on March 29, 2011, stands as ordered. Each party shall bear its respective costs.

**IT IS SO ORDERED.**

Dated, this 25th day of
May, 2011

JUDGE RANDOLPH BAXTER
UNITED STATES BANKRUPTCY COURT